IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JOHN R. FIELDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:17-CV-088-TWP |
| ) | 3:15-CR-107-TWP-CCS-31 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Before the Court is John R. Fields' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 1211].[1] The United States responded in opposition. [Doc. 5; Crim. Doc. 1225]. Petitioner has replied. [Doc. 10; Crim. Doc. 1242]. Also before the Court are Petitioner's motion for judicial notice [doc. 16], supplemental motion [doc. 17], and motion regarding a scrivener's error [doc. 18]. For the reasons below, Petitioner's motion for judicial notice [doc. 16] will be **DENIED**, Petitioner's supplemental motion [doc. 17] and motion regarding a scrivener's error [doc. 18] will be **GRANTED**, to the extent that the Court has considered them, and Petitioner's § 2255 motion [doc. 1; crim. doc. 1211] will be **DENIED**.

---

[1] Document numbers not otherwise specified refer to the civil docket.

I.  BACKGROUND

In 2015, Petitioner was charged in a 36-defendant, 31-count indictment, with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Count 1). [Crim. Doc. 360].

Petitioner entered into a written plea agreement, in which he agreed to plead guilty to Count 1 of the indictment. [Crim. Doc. 368 at 1]. In the plea agreement, Petitioner stipulated to the following factual basis for his plea. [*Id*. at 2]. Between January 2014 and July 2015, Petitioner conspired with at least one other person to distribute between 50 and 150 grams of methamphetamine. Throughout the conspiracy, Petitioner assisted a codefendant in obtaining methamphetamine from suppliers in Georgia, and coordinating the distribution of methamphetamine to various individuals. [*Id*.]. In intercepted text messages and phone calls throughout May 2015, Petitioner discussed providing methamphetamine to various codefendants, selling methamphetamine to customers, and travelling to Georgia to obtain more methamphetamine. [*Id*. at 2-4]. In the plea agreement, Petitioner waived the right to file: (1) a motion for downward departure or variance; or (2) a direct appeal. [*Id*. at 7]. Petitioner also waived the right to file a § 2255 motion unless based on prosecutorial misconduct or ineffective assistance of counsel. [*Id*.]. The court accepted Petitioner's guilty plea. [Doc. 405].

The presentence investigation report ("PSR") contained a similar factual basis for the offense, and recounted what was said in various intercepted phone calls and text messages. [PSR ¶¶ 38-50]. After a 3-level reduction for acceptance of responsibility, Petitioner's offense level was 27. [*Id*. ¶¶ 97-101]. The PSR calculated a total criminal

history score of 12, resulting in a criminal history category of V. [*Id.* ¶ 132]. Of relevance, one criminal history point was calculated based on Petitioner's March 24, 2005 conviction for assault, for which he received 180 days in jail, and 170 days suspended. [*Id.* ¶ 126]. Additionally, three criminal history points were attributed to a March 3, 2009 conviction for non-support of dependents, for which Petitioner received 17 months' imprisonment. [*Id.* ¶ 129]. Further, two points were attributed to a March 3, 2009 conviction for possession of heroin, for which Petitioner received 11 months' imprisonment, to run concurrent to his sentence for the non-support conviction. [*Id.* ¶ 130]. Notably, the PSR listed the arrest date for the non-support charge as July 31, 2008, and the arrest date for the possession of heroin charge as November 8, 2008. [*Id.* ¶¶ 129-30]. The PSR calculated an advisory guideline range of 120 to 150 months' imprisonment. [*Id.* ¶ 155].

Both the government and Petitioner filed notices of no objections to the PSR. [Crim. Docs. 600, 673]. The government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, and requested a reduction to an advisory guideline range of 92 to 115 months. [Crim. Doc. 661 at 3]. Petitioner, through counsel, requested a sentence of 84 months, noting that his guideline range was enhanced because a non-support conviction is a felony in Ohio, while the same conduct in Tennessee would have resulted in no criminal history points. [Crim. Doc. 697 at 2-3].

At sentencing, the court granted the government's motion for a downward departure but denied the Petitioner's motion for a downward variance, and sentenced Petitioner to 92 months' imprisonment. [Crim. Docs. 777, 780 at 2]. Judgment was entered on March 14,

3

2016. [Crim. Doc. 780]. Petitioner did not appeal, but timely filed the instant 28 U.S.C. § 2255 motion on March 13, 2017. [Doc. 1; Crim. Doc. 1211].

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner has several pending motions relating to this § 2255 proceeding. In his first motion, Petitioner asks this Court to take judicial notice that he notified all parties of his change of address. [Doc. 16]. In his second motion, Petitioner

supplements Claim 3 of his § 2255 motion, arguing that his counsel should have requested that the court specifically rule on the disputed portions of the PSR. [Doc. 17]. In his third motion, Petitioner advises that he accidentally referred to the wrong date on page 5 of his reply brief, and asks the court to notice the correct date when reading the reply. [Doc. 18].

As to his motion relating to his change of address, Petitioner's motion appears to be in response to the Court's notice to Petitioner of his obligation under the local rules to notify the Court of any change of address. [Doc. 14]. The Court notes that Petitioner filed a motion indicating that he would be moved from F.C.I. Beckley to another federal institution at some point in the near future. [Doc. 8]. Thereafter, Petitioner filed a reply brief, listing his address as F.C.I. Bennettsville. [Doc. 10 at 1]. However, the Court notes that this is insufficient to notify the Court of a change of address pursuant to Local Rule 83.13, which states that notification of a change of address "must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address." Accordingly, the Court will **DENY** Petitioner's motion, to the extent that he seeks a ruling from this Court indicating that he complied with the Local Rules. Regardless, the Court notes that Petitioner timely responded to the Court's notice regarding the requirement to notify the court of change of address [docs. 14, 15], and Petitioner suffered no adverse consequences as a result of receiving the notice.

As to his supplemental motion [doc. 17] and his motion regarding a scrivener's error [doc. 18], this Court will **GRANT** the motions, to the extent that it has considered the information contained therein, which relates to Claim 3, and is discussed further below.

6

**Claims 1 and 2**

In Claim 1, Petitioner argues that his counsel was ineffective in failing to argue that Petitioner's participation in the conspiracy was minimal. [Doc. 1 at 15]. In Claim 2, Petitioner argues that his counsel was ineffective in failing to contest the drug amount attributed to him through the conspiracy. [*Id*.]. The government responds that these claims are meritless. [Doc. 5 at 4-5]. In his reply, Petitioner states, that, after further investigation, he agrees with the government's position as to Claims 1 and 2, and concedes those claims. [Doc. 10 at 2]. Because Petitioner concedes the government's position on Claims 1 and 2, this Court will treat those claims as abandoned. Accordingly, the Court concludes that Petitioner is not entitled to relief under § 2255 as to Claim 1 or 2.

**Claim 3**

In Claim 3, Petitioner asserts that his trial counsel was ineffective in failing to object to criminal history points attributed to various prior convictions in the PSR.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment." *Id.* The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id.* at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

<u>Assault Conviction:</u>

First, Petitioner asserts that he should not have been attributed any points for his conviction for assault on March 24, 2005, because that conviction was over 10 years old at the time of his federal conviction. [Doc. 1 at 16]. The government responds that the ten-year period runs from the date of prior conviction until the date of the *commencement* of the instant offense, not the date of the instant conviction. [Doc. 5 at 5]. Accordingly,

8

the government argues that the March 24, 2005, conviction for assault was within the 10-year period, as the plea agreement indicates that the conspiracy began in January 2014. [*Id.*]. Petitioner replies that the applicable date for the ten-year period should not be the date that the conspiracy began, but instead, should be the date that he entered the conspiracy. [Doc. 10 at 2-3]. Petitioner states that the individualized findings were that he joined the conspiracy on or about May 18, 2015, which is outside the ten-year period. [*Id.* at 3].

In calculating a defendant's criminal history score under the Sentencing Guidelines, points are attributed to a prior sentence "that was imposed within ten years of the defendant's commencement of the instant offense[.]" U.S.S.G. § 4A1.2(e)(2) (2015). However, a prior sentence that does not fall within one of the relevant time periods in § 4A1.2 is not counted for purposes of a defendant's criminal history category. U.S.S.G. § 4A1.2(e)(3) (2015). The term "commencement of the instant offense" in this Guideline includes any relevant conduct, as defined by U.S.S.G. § 1B1.3. U.S.S.G. § 4A1.2, comment. n. 8 (2015). In the case of a conspiracy, relevant conduct includes all acts and omissions of others that were (a) within the scope of the conspiracy; (b) in furtherance of the conspiracy; and (c) reasonably foreseeable in connection with the conspiracy. U.S.S.G. § 1B1.3(a)(1)(B) (2015).

Petitioner's sentence on his prior assault conviction was imposed on March 24, 2005. [PSR ¶ 126]. In his reply, Petitioner acknowledges that the ten-year period under § 4A1.2(e)(2) runs from the commencement of the instant offense, rather than the date of conviction for the instant offense. Nonetheless, Petitioner argues that his involvement with

9

the conspiracy began in May 2015, and therefore, the March 2005 conviction was over 10 years old at the time when his involvement in the instant offense began. However, Petitioner, in his plea agreement, admitted in the factual basis for the plea that "between January of 2014 and July of 2015, in the Eastern District of Tennessee, the defendant did . . . conspire . . . to distribute at least 50 but less than 150 grams of actual methamphetamine." [Doc. 368 at 2]. Although the plea agreement recounted specific acts that Petitioner committed in furtherance of the conspiracy in May 2015, such facts are insufficient to undercut the admission that Petitioner was involved in the conspiracy from January 2014 to July 2015. Accordingly, counsel had no potentially meritorious objection to the criminal history points attributed to Petitioner's prior assault conviction, and counsel was not ineffective in failing to raise meritless arguments. *See Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017) (holding that counsel cannot be ineffective in failing to raise a meritless claim). Moreover, Petitioner cannot show prejudice, as there is no reasonable probability that, had counsel objected to the criminal history point for the assault conviction, the objection would have been sustained. *See Strickland*, 466 U.S. at 703. Thus, Petitioner is not entitled to relief as to this claim.

*Possession of Heroin and Non-Support Convictions:*

Second, Petitioner asserts that his arrests for possession of heroin and non-support both occurred on November 8, 2008, and his sentences on those charges were run concurrently, therefore, he should not have received criminal history points for both charges. [Doc. 1 at 16]. The government responds that, while Petitioner was sentenced for both offenses on the same date, the PSR shows that the offenses were separated by an

intervening arrest, as Petitioner was arrested for non-support on July 31, 2008, and was not arrested for possessing heroin until November 8, 2008. [Doc. 5 at 5-6]. The government asserts that, based on the intervening arrest, the sentences were correctly counted separately. [*Id*. at 6].

Petitioner replies that, while being booked into the jail on the possession of heroin charge, he was served with the felony warrant for non-support. [Doc. 10 at 3-4]. He asserts that the government is misinformed about the arrest date for the non-support charge, and there was no intervening arrest. [*Id*. at 4]. Petitioner asserts that he asked his counsel to object to the criminal history points attributable to each of these convictions, but counsel did not do so. [*Id*. at 5]. Petitioner further argues that, although he received a downward variance because his criminal history was overstated, he was still prejudiced because his criminal history score impacted his security level in the Bureau of Prisons. [*Id*. at 5-6]. Petitioner attaches to his reply a copy of an arrest warrant for non-support, dated November 8, 2008. [*Id*. at 8].

Under the applicable Guidelines, if a defendant has multiple prior sentences, it must be determined whether those sentences should be counted separately or treated as a single sentence. U.S.S.G. § 4A1.2(a)(2) (2015). Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest. *Id*. However, if there is no intervening arrest, prior sentences are only counted separately unless, *inter alia*, the sentences were imposed on the same day. *Id*. If prior sentences were imposed on the same day, and there is no intervening arrest, the sentences are treated as a single sentence. *Id*. In calculating criminal history points, 3 points are attributed to any

11

prior sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a) (2015). A criminal history score of 10, 11, or 12 points results in a criminal history category of V. U.S.S.G. Ch. 5, Pt. A (2015).

Here, Petitioner's counsel arguably performed deficiently in failing to object to Petitioner's criminal history points for both the non-support and possession of heroin charges. Accepting as true Petitioner's statement that he asked counsel to object to these criminal history points, counsel was apparently on notice of a potential objection regarding whether each of these convictions should have separately been attributed criminal history points. Moreover, contrary to the government's position that an intervening arrest separated the two prior convictions, Petitioner has submitted an arrest warrant which appears to show that his arrest for non-support occurred on November 8, 2008, the same date as the arrest for the possession of heroin charge, rather than on July 31, 2008, as stated in the PSR. [*See* Doc. 10 at 8; PSR ¶¶ 129-30]. The government's argument that an intervening arrest occurred, which is premised solely upon the arrest dates contained in the PSR, is unconvincing in light of the fact that Petitioner's claim is that his counsel was ineffective in failing to object to the PSR.

However, even assuming that Petitioner's counsel performed deficiently by failing to object to the criminal history points attributed to Petitioner's non-support and possession of heroin convictions, Petitioner cannot show that he was prejudiced by this failure. Petitioner is correct that, if there was no intervening arrest, these convictions should have been treated as a single sentence, pursuant to U.S.S.G. § 4A1.2(a)(2), because Petitioner was sentenced on the same day for both charges. If Petitioner's convictions were treated

12

as a single sentence, he would receive 3 total criminal history points, rather than a total of 5 criminal history points, because the sentence exceeded one year and one month. *See* U.S.S.G. § 4A1.1(a). As a result, had counsel objected to this apparent error, Petitioner's total criminal history score would have been 10, rather than 12. However, under the Guidelines, criminal history scores of 10, 11, and 12 all result in a criminal history category of V. Thus, even if counsel had successfully raised this objection to Petitioner's criminal history score, his criminal history category, and therefore his advisory guideline range, would have remained the same. Therefore, Petitioner cannot show that a reasonable probability exists that his sentence would have been different had counsel objected to these criminal history points. Accordingly, Petitioner is not entitled to relief under § 2255 on this claim.

**<u>Claim 4</u>**

In Claim 4, Petitioner asserts that the government, "when translating information from the original investigation report" to the PSR, made several errors. [Doc. 1 at 17]. Petitioner argues that this caused a false drug weight to be attributed to him and false information to be included in the plea agreement. He asserts that these errors amount to a "complete miscarriage of justice." [*Id*.]. As relief, Petitioner seeks that the information from recorded conversation be copied word for word into the PSR. [*Id*. at 18].

The government responds that this claim is insufficiently developed to permit review. [Doc. 5 at 6]. The government states that, although Petitioner states there are "multiple errors," he did not identify any of the alleged errors with specificity. [*Id*.]. Moreover, the government asserts that it is irrelevant whether the plea agreement and PSR

perfectly correspond with the original investigative report, because Petitioner stipulated, when pleading guilty, that the factual basis was accurate, and those facts were used by the probation officer in calculating Petitioner's advisory guideline range. [*Id.* at 7].

Petitioner replies that he concedes part of Claim 4, but that he would like to proceed with part of Claim 4. [Doc. 10 at 2]. Petitioner does not specify which portion of Claim 4 he wishes to proceed on, and does not provide any further argument regarding Claim 4. [*See* Doc. 10]. Regardless, Petitioner's Claim 4 amounts to a conclusory allegation, which do not state a cognizable § 2255 claim. *See Green*, 454 F.2d at 53 (requiring that a § 2255 movant set forth facts entitling him to relief); *Worley v. United States*, Nos. 2:15-cr-12, 2:15-cv-305, 2018 WL 5984202, at *8 (E.D. Tenn. Nov. 14, 2018) (same). Petitioner merely states that there were several errors made in the PSR, but does not indicate what those errors were, or how they prejudiced him in any way.

Even if the Court could determine some specific factual allegations in Claim 4, the claim is nonetheless procedurally defaulted, because Petitioner failed to raise it on appeal. Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If a Petitioner cannot show cause and prejudice, he may be able to obtain review, if his case falls within a narrow class of cases permitting review in order to prevent a

fundamental miscarriage of justice, such as when new evidence shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Here, Petitioner has not attempted to show cause or prejudice for his failure to raise this claim on direct appeal, nor has he attempted to show that he is actually innocent. Accordingly, Petitioner's Claim 4 is also procedurally defaulted. Thus, Petitioner is not entitled to relief under § 2255 as to this claim.

I. CONCLUSION

For the reasons above, Petitioner's motion for judicial notice [doc. 16] will be **DENIED**, Petitioner's supplemental motion [doc. 17] and motion regarding a scrivener's error [doc. 18] will be **GRANTED**, to the extent that the Court has considered them, and Petitioner's § 2255 motion [doc. 1; crim. doc. 1211] will be **DENIED**.

II. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. A petitioner may appeal a final order denying a § 2255 motion only if he is issued a COA, and a COA should issue only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(a), (c)(1)(B), (c)(2). When a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of

Petitioner's claims.  Because Petitioner has failed to make such a showing, a COA **SHALL NOT ISSUE**.

An order consistent with this opinion will be entered.

                                                   s/ Thomas W. Phillips
                                        SENIOR UNITED STATES DISTRICT JUDGE